# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK D. LONG,** | : | |
| Plaintiff | : | Civil Action No. 3:16-2239 |
| v. | : | |
| **NANCY BERRYHILL**[1], | : | (JUDGE MANNION) |
| Acting Commissioner of Social Security, | : | FILED SCRANTON APR 2 6 2018 |
| Defendant | : | PER [signature] DEPUTY CLERK |

## MEMORANDUM

The above-captioned action is one seeking review of the decision of the Acting Commissioner of Social Security ("Commissioner"), denying plaintiff Mark D. Long's application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§401-433. The court has jurisdiction pursuant to 42 U.S.C. §405(g). Currently before the court is plaintiff's appeal of the decision, (Doc. 1), which has been briefed by the parties. For the reasons set forth below, plaintiff's appeal will be **GRANTED** and the Commissioner's decision will be **VACATED**. The court will **REMAND** this case to the Commissioner for further proceedings.

---

[1] Nancy A. Berryhill is Deputy Commissioner of Operations for Social Security. Although Berryhill is no longer the Acting Commissioner, she is presently acting in the capacity of the Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

## I. BACKGROUND[2]

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." It is undisputed that plaintiff meets the insured status requirements of the Social Security Act through June 30, 2018. (Tr. 14).[3] In order to establish entitlement to disability insurance benefits, plaintiff was required to establish that he suffered from a disability on or before that date. 42 U.S.C. §423(a)(1)(A), (c)(1)(B); 20 C.F.R. §404.131(a); see Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).

Plaintiff was born on October 21, 1961. (Tr. 20). He was an individual closely approaching advanced age when the Administrative Law Judge ("ALJ") rendered his decision in this case. Plaintiff has a high school education. (Tr. 20). His past work was as an automotive technician. (Tr. 20). Plaintiff alleges that on February 21, 2013, he became disabled and was unable to work.

---

[2]The court notes that since the ALJ, (Doc. 9-2 at 11-21), as well as the parties have stated the medical history of plaintiff in their respective filings, the court will not fully repeat it herein. Rather, the court discusses below plaintiff's medical history to the extent it is relevant to plaintiff's instant issues raised in this appeal.

[3]References to "Tr. __" are to pages of the administrative record filed by the Commissioner along with the Answer, (Doc. 9).

Plaintiff filed a claim for DIB on December 3, 2013, alleging disability commencing on February 21, 2013. He was 52 years old at the time. He alleged that he was disabled due to spinal stenosis, degenerative disc disease, arthritis, and fibromyalgia. (Tr. 133). The agency denied plaintiff's application on April 23, 2014. (Tr. 58). Plaintiff filed a request for a hearing before an ALJ, which was held on October 9, 2015. (Tr. 25-46).

The ALJ issued a decision on October 28, 2015. The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act from February 21, 2013, through the date of his decision. (Doc. 9-2, Tr. 11-21). Plaintiff filed a request for review.

On September 7, 2016, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Since plaintiff exhausted his administrative remedies, he initiated the present action on November 4, 2016, appealing the final decision of the Commissioner. (Doc. 1).

Plaintiff appeals the ALJ's determination on four grounds: 1.Whether the ALJ erred in failing to assign controlling weight to the opinion of plaintiff's treating physician, Dr. Shirey; 2. Whether the ALJ erred in his evaluation of Dr. Shirey's opinion and whether the ALJ failed to properly explain his Residual Functional Capacity ("RFC") assessment, i.e., substantial evidence does not support the ALJ's RFC assessment; 3.Whether the ALJ's findings at step five that there were jobs plaintiff could perform were erroneous since

the jobs conflict with the DOT/SCO regarding his ability to reach (i.e., the ALJ found plaintiff could do no overhead reaching) and, thus substantial evidence does not support these findings; and 4.Whether the ALJ's findings at step five that other work exists in significant numbers in the national economy which plaintiff can perform was not supported by substantial evidence since the vocational expert ("VE") testified to an erosion of the occupational base but failed to testify regarding the extent of the erosion. As relief, plaintiff requests the court remand his case to the Commissioner with instructions to afford Dr. Shirey's opinion controlling weight, to reassess his RFC, to obtain VE testimony which resolve the conflicts with the DOT/SCO, and to then issue a new decision.

## II.  STANDARD OF REVIEW

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson

v. Perales, 402 U.S. 389, 401 (1971).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## III. DISABILITY EVALUATION PROCESS

The plaintiff must establish that there is some "medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (internal quotations omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental

5

impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Fargnoli, 247 F.3d at 39 (quoting 42 U.S.C. §423(d)(2)(A)).

A five-step evaluation process is used to determine if a person is eligible for disability benefits. See 20 C.F.R. §404.1520. *See also* Plummer, 186 F.3d at 428. If the Commissioner finds that a plaintiff is disabled or not disabled at any point in the sequence, review does not proceed any further. See 20 C.F.R. §404.1520. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. See 20 C.F.R. §404.1520.

Here, the ALJ proceeded through each step of the sequential evaluation process to conclude that the plaintiff was not disabled within the meaning of the Act. The ALJ found that plaintiff has not engaged in substantial gainful activity since February 21, 2013, the alleged onset date. Next, the ALJ determined that plaintiff suffered from severe impairments, namely, degenerative disc disease with radiculopathy, osteoarthritis, and fibromyalgia.

(Tr. 16). The ALJ found that plaintiff's mental impairment of anxiety was non-severe. The ALJ then found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 17).

The ALJ found that plaintiff had the RFC to perform limited light work[4] with restrictions, namely: He could sit up to 30 minutes before needing to stand and could stand or walk up to 30 minutes before needing to sit. He is limited to only occasional stooping, kneeling, crouching, crawling, or climbing stairs. He is limited to no ladders, no hazards such as unprotected heights, no temperature extremes, no wetness, no humidity, and no overhead reaching. He can only stand and walk 2 hours in an 8 hour workday with no more than occasional pushing and pulling with all upper and lower extremities. (Tr. 17).

The ALJ found that plaintiff was unable to perform his past relevant work since it was above his exertional abilities. He indicated that plaintiff was an individual closely approaching advanced age (i.e., 52) at his alleged disability onset date. (Tr. 20).

Additionally, the ALJ afforded great weight to the medical opinions of Dr. Park, the state agency consultant, that plaintiff's impairments did not meet or equal any listings, including 1.04A, 1.04 B and C, and 1.02. (Tr. 17). The ALJ

---

[4] See 20 C.F.R. §404.1567(b) (definition of light work).

found that Dr. Park provided ample support for his opinions. However, the ALJ included more limitations in plaintiff's RFC than Dr. Park indicated.

The ALJ also gave significant weight to several opinions of plaintiff's treating physician since October 2013, Dr. Shirey, including the following: plaintiff could lift and carry up to 20 pounds occasionally; he could stand and walk 2 hours in an 8-hour work day with flexibility to get up and move around every 30 minutes; he could only push and pull occasionally; and he had some environmental restrictions which were included in the ALJ's RFC assessment. (Tr. 19, 392-393). The ALJ however gave limited weight to Dr. Shirey's opinions that plaintiff could lift and carry 10 pounds occasionally (as opposed to frequently), he could sit for only 2 to 4 hours in an 8-hour work day, and he would have frequent trouble concentrating enough to perform simple work tasks. (Tr. 392). The ALJ found that "the record does not support [plaintiff] is unable to lift and carry 10 pounds on a frequent basis or that he is limited to sitting 4 hours or less a day." The ALJ also found that plaintiff denied any problems with his ability to concentrate and pay attention. Further, the ALJ found that insofar as Dr. Shirey opined that plaintiff would require unscheduled breaks, his RFC assessment, which included the need to alternate plaintiff's position every 30 minutes, accommodated plaintiff's need to walk or recline. (Tr. 19).

A consultative examiner, Dr. Rosenberg examined plaintiff in March 2014 and opined that plaintiff was limited to a range of light work. (Tr. 320-

8

322). However, the ALJ gave limited weight to Dr. Rosenberg's opinion since the record showed that plaintiff was more limited than the doctor found. (Tr. 19).

Also, at the hearing, the ALJ posed a hypothetical question to a vocational expert ("VE") that was based on a person who could perform light work with all of the additional restrictions that the ALJ included in his RFC assessment. (Tr. 39). The VE testified that such a person would be able to perform work as a bakery worker on a conveyor line, a machine tender laminator, and a counter clerk photo finisher. The VE stated the number of jobs nationally for each position, and she stated that the numbers were reduced by 50% to account for plaintiff's work related restrictions, including the sit/stand option. The ALJ found that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). (Tr. 20-21, 41-44).

The ALJ then determined that based on plaintiff's age, education, work experience and RFC, plaintiff was capable of performing other work in the national economy that existed in significant numbers. (Tr. 21).

## IV. DISCUSSION

Plaintiff summarizes his arguments as follows: "The ALJ's residual functional capacity assessment, hypothetical question(s) to the vocational expert, and step five findings are not supported by substantial evidence."

9

### 1. Credibility of Plaintiff's Treating Physician

As his first assignment of error, plaintiff claims that the ALJ did not properly evaluate all of the opinions of his treating physician, Dr. Shirey. Specifically, plaintiff argues that the ALJ erred by failing to give controlling weight to Dr. Shirey's entire July 23, 2015 opinion detailed in her Medical Source Statement of Ability to do Work-Related Activities, including her opinion that plaintiff had greater physical restrictions than the ALJ found. Plaintiff states that since the ALJ erred by failing to give controlling weight to all of Dr. Shirey's opinions, the ALJ's RFC assessment was not supported by substantial evidence.

The regulations set forth at 20 C.F.R. §404.1527(a)(2) and §416.927(a)(2), define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." Regardless of its source, the ALJ is required to evaluate every medical opinion received. 20 C.F.R §404.1527(c) and §416.927(c).

Where the ALJ finds that no treating source opinion is entitled to controlling weight, the regulations provide that the weight of all non-controlling opinions by treating, non-treating, and non-examining medical sources should be evaluated based on certain factors. Those factors include the examining

relationship, the length of the treatment relationship and frequency of visits, nature and extent of the treatment relationship, whether the medical source supports the opinion with medical evidence, whether the opinion is consistent with the record as a whole, and the medical source's specialization. 20 C.F.R. §404.1527(c)(1-5). In addition, the ALJ should consider any other factors that tend to support or contradict the opinion that were brought to his attention, including "the extent to which an acceptable medical source is familiar with the other information in [the] case record." 20 C.F.R. §404.1527(c)(6). *See Markoch v. Colvin*, 2015 WL 2374260, at *6 (M.D.Pa. May 18, 2015).

Additionally, the ALJ must consider all of the relevant evidence and give a clear explanation to support his findings." Fargnoli, 247 F.3d at 40-41 (quoting *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000)). If the ALJ discounts certain evidence, he must give some indication of the reasons for discounting that evidence." Fargnoli, 247 F.3d at 43. While the ALJ may choose whom to credit in his analysis, he "cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 316-18 (3d Cir. 2000). The ALJ has the duty to adequately explain the evidence that he rejects or to which he affords lesser weight. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009) (holding that because the ALJ did not provide an adequate explanation for the weight he gave to several medical opinions, remand was warranted). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." *Morales*

11

v. Colvin, 2016 WL 907743, at *8–9 (M.D. Pa. Mar. 2, 2016) (quoting In re Moore v. Comm'r of Soc. Sec., 2012 WL 2958243, at *2 (D.N.J. July 19, 2012) (citing Burnette v. Comm'r of Soc. Sec., 202 F.3d 112, 119-20 (3d Cir. 2000)).

No doubt that the opinions of plaintiff's treating physician are generally entitled to significant weight. The Third Circuit has "long accepted" that the findings of a treating physician "must [be] give[n] greater weight ... than ... the findings of a physician who has examined the claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (citations omitted). The regulations as well as courts require the ALJ "give good reasons for the amount of weight given to a treating physician's opinion." Fargnoli, 247 F.3d 42-44; see also 20 C.F.R. §404.1527(d)(2). A treating physician's opinion can be rejected by the ALJ based on contradictory medical evidence. See Frankenfield, 861 F.2d at 408.

Plaintiff contends that the ALJ erred with respect to the weight he afforded to Dr. Shirey's stated opinions regarding his limitations since they were well-supported and consistent with the other substantial evidence. Plaintiff states that if the ALJ gave proper controlling weight to all of Dr. Shirey's opinions, he would have been limited to sedentary work. Plaintiff then points out that if the ALJ had found he was limited to sedentary work, the ALJ would have had to find he was disabled since he was over 50 years old at the relevant time. (Doc. 10 at 15) (citing 20 C.F.R. pt. 404, subpt. P, app. 2, tbl.

12

1, Rule 201.06). See Brown v. Colvin, 146 F.Supp.3d 489, 493 (W.D.N.Y. 2015) ("To find that [a claimant with a sedentary RFC] not disabled when he is 'closely approaching advanced age [i.e., 50-54]' or of 'advanced age,' the ALJ must also find that the claimant acquired skills in his past work that are transferable to other skilled or semi-skilled jobs." (citing Cabrera v. Astrue, 2007 WL 2706276, at *11 & n. 11 (S.D.N.Y. Sept. 18, 2007) (citing 20 C.F.R. §404, Subpt. P, App. 2, Table 1 ("Under the Medical-Vocational Rules, a high school graduate who is 'closely approaching advanced age' (age 50-54), is limited to sedentary work, has a high school education, and has no skills transferable from prior semi-skilled work is considered disabled."). Thus, plaintiff states that he was harmed by the ALJ's credibility finding with respect to Dr. Shirey since she essentially limited him to sedentary work.

Plaintiff states that Dr. Shirey based her opinions on several objective medical findings and that her opinions were consistent with these findings. (Tr. 392-393). He states that Dr. Shirey relied on her findings regarding his myofascial tenderness along his cervial and thoracic spine and multiple trigger points across his trapezius bilaterally. Dr. Shirey's opinions were also supported, in part, by Dr. Kunkel's October 2014 rheumatological exams and his impression that plaintiff had fibromyalgia and/or chronic pain syndrome, (Tr. 346-348), as well as plaintiff's MRI which showed that he had degenerative disc disease in his lower back and in his neck based. (Tr. 349). In fact, plaintiff's June 2013 lumbar spine MRI and November 2013 cervical

13

spine MRI were filed with Dr. Shirey's July 23, 2015 Statement regarding plaintiff's ability to do work-related activities. (Tr. 395-396). The November 2013 MRI showed, in part, that plaintiff had significant degenerative spondylosis at C6-C7 as well as moderate to moderately severe C5-6 central canal stenosis. Dr. Demuth's June and September 2014 exams also revealed findings which supported Dr. Shirey's opinions about plaintiff's limitations, such as his reduced range of motion in his back and his ability to walk, which was slow and deliberate. (Tr. 344-345).

Thus, plaintiff states that although there was well-supported medical evidence consistent with Dr. Shirey's opinions regarding his limitations, the ALJ failed to identify and discuss substantial inconsistent evidence in the treatment records to support his finding affording little weight to Dr. Shirey's stated opinions. Also, as plaintiff points out in his reply brief, (Doc. 12), the Commissioner cannot now rely upon evidentiary support for the ALJ's credibility determination regarding Dr. Shirey which was not identified by the ALJ in his decision. Neither the court nor the Commissioner can rectify the failure of an ALJ to consider all of the relevant and probative evidence "by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ." Fargnoli v. Massanari, 247 F.3d at 44 n. 7 (citing Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)); Marbury v. Astrue, 2010 WL 3220039, *6 (W.D.Pa. August 12, 2010) ("the agency's decision cannot be affirmed on

14

a ground other than that actually relied upon by the agency in making its decision."). The court must limit its consideration to what is plain in "the four corners of the ALJ's decision." Marbury v. Astrue, 2010 WL 3220039, *6.

The Commissioner states that plaintiff failed to meet his burden by showing that Dr. Shirey's opinions were well-supported by the medical evidence and consistent with other substantial evidence in the record. The Commissioner contends that the ALJ discussed the record in his decision, including the findings of the other doctors, and that he sufficiently discussed the objective medical evidence which did not support Dr. Shirey's stated opinions. The Commissioner also contends that after the ALJ discussed the other medical opinions offered by all of the physicians, he explained the reasons for the weight he afforded these opinions.

Under the regulations, a treating physician's opinion receives "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. §404.1527(c)(2); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Also, there is no dispute that "[t]he ALJ–not treating or examining physicians or State agency consultants–must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). However, the ALJ cannot reject a treating physician's written medical opinion based on his own credibility judgments, speculation or lay opinion. See Compton v.

15

Colvin, 218 F.Supp.3d 316, 330 (M.D.Pa. 2016) (citing Morales, 225 F.3d at 316-18). "Regardless of what the weight an administrative law judge affords to medical opinions, the administrative law judge has the duty to adequately explain the evidence that he or she rejects or affords lesser weight." Id. (citing Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505-06 (3d Cir. 2009)). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." Id. (quoting Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119–20 (3d Cir. 2000)).

The court finds that plaintiff has made a sufficient showing requiring remand since the ALJ failed to adequately explain the substantial inconsistent evidence in the record to support his decision to afford little weight to Dr. Shirey's opinions regarding plaintiff's limitations. Significantly, as plaintiff points out, and as the evidence is summarized in the Commissioner's brief, (Doc. 11 at 10), Dr. Shirey treated him for about two years and her July 2015 findings regarding his limitations was after the exams and reports of the physicians which the ALJ relied upon when he weighed Dr. Shirey's opinions. No doubt that preference for the opinion of a treating physician is recognized when the opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged time." Morales, 225 F.3d at 317. Moreover, Dr. Shirey's opinions were rendered in close proximity to the ALJ's October 28, 2015 decision, compared to other opinions discussed by the ALJ. Thus, Dr. Shirey treated plaintiff over time and her opinions were more timely

16

than the evidence upon which the ALJ relied to discredit them. Plaintiff's testimony regarding his abilities and daily activities was also consistent with Dr. Shirey's opinions with respect to his limitations. (Tr. 18, 31-38). Further, even though the ALJ afforded great weight to the medical opinions of Dr. Park, the state agency consultant, that plaintiff could perform a reduced range of light work, (Tr. 19, 51-54), Dr. Park's assessment of plaintiff's limitations was in April 2014, over one year prior to Dr. Shirey's assessment. (Tr. 47).

In short, the court finds that substantial evidence does not support the ALJ's decision to give Dr. Shirey's opinions regarding plaintiff's limitations limited weight as opposed to controlling weight since he failed to adequately discuss the well-supported medical evidence inconsistent with Dr. Shirey's opinions. Thus, the ALJ's assignment of weight to Dr. Shirey's opinions regarding plaintiff's limitations and his finding that plaintiff had the RFC to perform a range of light work despite his degenerative disc disease and Dr. Shirey's opinions, were not adequately supported by the evidence in the record. It was also particularly important in this case for the ALJ to have identified the specific evidence which conflicted with Dr. Shirey's stated opinions to support his decision that they were not well-supported in light of the fact that if plaintiff is limited to sedentary work, as Dr. Shirey opined, he may be considered disabled based on his age and based on the VE's testimony that there were not any light duties jobs for the skills acquired as an automotive technician transferable to a hypothetical person like plaintiff. (Tr.

39-40).

As such, the court will remand this case to the Commissioner for further proceedings consistent with this memorandum. See Compton v. Colvin, 218 F.Supp.3d 316 (M.D.Pa. 2016)(the court remanded case to the Commissioner since the ALJ improperly afforded significant weight to opinion of a non-treating, non-examining physician over opinions of treating physicians).

Since the court also finds that substantial evidence does not support the ALJ's RFC determination because remand is required to determine if he afforded proper weight to the opinions of plaintiff's treating physician, Dr. Shirey, regarding plaintiff's limitations, there is no need to discuss the other assignments of error in plaintiff's appeal. See Compton, 218 F.Supp.3d at 332.

## V. CONCLUSION

For the reasons stated above, the court finds that the decision of the Commissioner denying plaintiff's application for DIB is not supported by substantial evidence. Thus, plaintiff's appeal of the Commissioner's decision, (Doc. 1), is **GRANTED**. Accordingly, pursuant to 42 U.S.C. §405(g), the decision of the Commissioner is **VACATED** and, this case is **REMANDED** to

the Commissioner for further proceedings consistent with this memorandum.

An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 26, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2239-01.wpd